By the Court
 

 The money, concerning the distribution of which the question in this case arises, was raised by the Sheriff upon several executions, all of which bore teste and were put into his hands at the same time. The
 
 *45
 
 claim of one creditor is founded upon a deed of trust, operating as a lien upon the land, and the sum secured hy it must consequently be first paid. With respect to the judgments, those of Nicholson anil Grizzard were prior in point of time, and these creditors claim a right to he paid in the next place, because the money was raised by the sale of land. The rights of the several parties cannot therefore-be adjusted, unless the Court meets and decides the question, Whether a judgment be a lien upon the lands of the debtor ?
 

 It is very evident from the authorities, that lands were-not at common law, liable to execution at the suit of a subject, except on judgment against the heir on an action on the bond of his ancestor.
 
 *
 
 The statute of Westminster 2d, ch. 18, which first made them chargeable, gives the Plaintiff his election to go against the goods and profits ; or against the goods and a moiety of the lands of the Defendant : Which election has given name to the writ of
 
 JSlegit.
 
 The statute does not, in terms, make the land liable, which the Defendant had at the time of the judgment; but the writ of elegit, framed by the Court, and used in practice ever since the passing of the act, commands the Sheriff to cause to be delivered a moiety of the lands, of which the Defendant was seised.on the day of the judgment. It is by implication, therefore, and judicial construction, that a judgment is a lien upon
 
 land;
 
 and by the election made by the Plaintiff to sue out the writ given hy the state.
 

 The statute of Geo. 2d, ch.
 
 7,
 
 renders land in the then colonies, as well as chattels, liable to the payment of debts ,• and makes three provisions in the same clause : 1st, That lands shall be liable to and chargeable with all just debts. 2d, That they shall be assets for the satisfaction of debts, in the same manner as real estates, by. the law of England, are liable to debts due by bond or other specialty. 3d, That they shall be subject to the like remedies with perso-
 
 *46
 
 nai estates. By referring to the manner in which lands Hable to debts due by bond, and calling them
 
 assets,
 
 the statute ¡minted to the case of an heir sued upon the bond of his ancestor, in which bond the heir was bound.
 

 In that case the judgment would be for the whole of the land descended, which the heir was seised of at the commencement of the suit.
 
 *
 
 As this was the only case where, at common law, the whole of the land could be taken in execution at the suit of a private person, it was probably inserted to make the contrast to the elegit, where only a moiety was liable. Making land subject to the like remedies with personal estate, placed it on a footing with personal estate in every case where those remedies arc resorted to : and the act of 1777, ch. 2. is in conformity with this exposition.
 

 The conclusion appears to be, that a judgment may still operate as a lien upon a moiety of the lands of which the Defendant was seised at the time of its rendition, if the Plaintiff sue out or pray an elegit: But if he resort to the.
 
 Fieri
 
 Facias, the lands are only bound as chattels. All the creditors in this case, therefore, except E. B. Freeman, ■stand in equality of right, and are to be paid in proportion to their respective demand.
 

 *
 

 3 Rep.
 
 12.
 

 *
 

 Dyer 373, b.-Plowd. 441. — 3 Rep. 12.